UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LILLIAN THERESA RUYLE, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:10CV880 CDP |
| | ) |
| FIDELITY NATIONAL TITLE | ) |
| INS. CO., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before me on plaintiffs' motions to strike twelve of defendant's affirmative defenses. Federal Rule of Civil Procedure 12(f) provides that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Although the Court enjoys "broad discretion" in determining whether to strike a party's pleadings, such an action is "an extreme measure." Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000). Accordingly, motions to strike are "viewed with disfavor and are infrequently granted." Id. (internal quotation marks and citations omitted). A motion to strike will not be granted if "the insufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits." Kuhlmeier v. Hazelwood Sch. Dist., 578

F. Supp. 1286, 1295 (E.D. Mo. 1984) (internal quotation marks and citation omitted); see also Federal Deposit Ins. Corp. v. Coble, 720 F. Supp. 748, 750 (E.D. Mo. 1989) (holding a motion to strike will not be granted "unless, as a matter of law, the defense cannot succeed under any circumstances, or is immaterial in that it has no essential or important relationship to the claim for relief.") (internal quotations and citations omitted).

Having reviewed the affirmative defenses at issue under these standards, the motions to strike must be denied. The challenged defenses meet the pleading requirements of Federal Rule of Civil Procedure 8. Whether defendant may ultimately prevail on these defenses is not properly before me at this time.

Plaintiffs alternatively seek a more definite statement of certain defenses raised by defendant. Fed. R. Civ. P. 12(e) provides that a party may move for a more definite statement if a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Motions for more definite statement are generally disfavored and are designed to serve as a means to remedy unintelligible pleadings. Young v. Warren-Jenkinson Co., 170 F.R.D. 164, 165-66 (E.D. Mo. 1996). They are not designed to remedy an alleged lack of detail. Id. Having reviewed defendant's asserted defenses in light of the relevant standards, they are not unintelligible, vague or ambiguous such that plaintiffs cannot reasonably

frame a response. The motion for more definite statement will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motions to strike [#29, #31, #32, #33] are denied.

**IT IS FURTHER ORDERED** that plaintiffs' amended motion for more definite statement [#35] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 10th day of September, 2010.